KIRSCH HOLDING CO., A BODY CORPORATE OF THE STATE OF NEW JERSEY, AND IRVING B. KIRSCH, PLAINTIFFS, v. THE BOROUGH OF MANASQUAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 21, 1952.

*Messrs. Parsons, Labrecque, Canzona & Combs (Mr. William R. Blair, Jr.*, appearing), attorneys for plaintiffs.

*Messrs. Durand, Ivins & Carton (Mr. Robert V. Carton,* appearing), attorneys for defendant.

*Mr. Robert J. Tait Paul (Mr. Lawrence N. Park,* appearing), attorney for American Timber Company, *amicus curiae.*

Leonard, J. C. C.  In the year of 1914, the Seacoast Real Estate Company, a corporation of New Jersey, was the owner of a large tract of land in the Borough of Manasquan (the defendant herein and hereinafter referred to as the "defendant borough"). This land was bounded on the east by the Atlantic Ocean and ran along said ocean for a distance of approximately 5,400', with the exception of some 400' upon which was located a life-saving station and a fishery.

On September 8, 1914, said Seacoast Real Estate Company by deed of dedication, granted and conveyed to the defendant borough a portion of said lands, *viz.*, the beachfront located between Ocean Avenue on the north and Manasquan Inlet on the south, being a distance of approximately some 4,400' along said beachfront.

The deed of dedication recited therein that the lands were granted and conveyed to the defendant borough among other things, "for public purposes and for a place of resort for public health and recreation."

The deed of dedication also contained the following reservation: "* * * Company reserves for itself, its successors, grantees and tenants the right to maintain bathing grounds, ropes, boats and other appliances on said beachfront for bathing purposes."

It is admitted herein that the deed was accepted by the defendant borough and the dedication fully consummated.

The plaintiff Kirsch Holding Co. (hereinafter referred to as the "corporate plaintiff"), is the owner of certain real estate situated between First Avenue and the beach, border-

ing the ocean and running along said beach for some 110'. The corporate plaintiff acquired title to said property from the plaintiff, Irving B. Kirsch (hereinafter referred to as the "individual plaintiff") by deed dated November 10, 1949. The individual plaintiff, grantor in the aforementioned deed, secured title from one William B. Weir and Margaret F. Weir, his wife, by deed dated January 2, 1945.

The property which the corporate plaintiff now holds title to and which the individual plaintiff now is a tenant is a part of the premises originally owned by said Seacoast Real Estate Company and retained by said company at the time of making the dedication to the borough defendant.

The corporate plaintiff now claims title to the same by *mesne* conveyances from said real estate company.

On August 22, 1949, there was adopted and approved by the mayor and council of the borough defendant an ordinance entitled, "An Ordinance Regulating the Use of the Beach-front of the Borough of Manasquan and Providing Penalties for the Violation Thereof." This ordinance, among other things, requires that every person except individuals under the age of 12 years using the beachfront and waters adjacent thereto in the Borough of Manasquan for bathing purposes shall before using the same register with agents of the borough employed for that purpose, and on registering secure a badge or other insignia to be worn conspicuously at all times. The ordinance also provides that persons so registering "* * * if registered on or prior to July 31st in any season, shall pay at the time of registering for the season, a season charge of $3.00; provided however, that if the season badge is redeemed prior to August 1st, the registrant shall receive a refund of $1.00. Each and every person registering on August 1st or later in any one season, shall pay at the time of registering the sum of $2.00. Each and every person registering for the day shall pay the daily charge of $.50." The fees as provided in paragraph 1 (d) of the ordinance are to be used "* * * for the purpose of defraying the cost of providing for, improving, preserving, maintaining, policing,

and regulating the beachfront and providing for the protection and safety of bathers using said beachfront."

The individual plaintiff has been conducting a business on said property owned by the corporate plaintiff for the renting of 155 bathhouses to bathers and customers for about three years (prior to the adoption of said ordinance). Said individual plaintiff has been charging $.75 per day on weekdays and $1 per day on Saturdays, Sundays and holidays as a rental for said bathhouses. The individual plaintiff testified that during the summer weekends he averaged 50 customers; on Saturdays he averaged 75 to 100 customers, and on Sundays he averaged 150 to 200 customers, and on holidays he averaged 300 to 400 customers.

The officials of the defendant borough commenced enforcement of said ordinance on June 28, 1950, and attempted to enforce the same against the bathers and customers of the individual plaintiff. Said individual plaintiff, as a result thereof, alleges that he lost a considerable amount of business and contends that if said ordinance is enforced against his patrons, he and the corporate plaintiff will suffer substantial and irreparable damage.

The plaintiffs seek by their complaint herein a declaratory judgment that

(1) said ordinance is void;

(2) if valid, it does not apply to them, their customers, bathers, licensees and tenants in the use of the plaintiffs' premises and the beachfront for the purposes described in the aforementioned reservation.

## (1.) THE ORDINANCE

Plaintiffs argue that said ordinance is *ultra vires* the defendant borough and, therefore, void. This, of course, is denied by the defendant borough.

This issue must be determined in the light of the provisions of our new Constitution of 1947, effective January 1, 1948, and specifically article IV, section VII, paragraph 11, which provides as follows:

"11. The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, *shall be liberally construed in their favor.* The powers of counties and such municipal corporations shall include not only those granted in express terms *but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto,* and not inconsistent with or prohibited by this Constitution or by law." (Italics mine.)

Said ordinance appears to be a valid exercise of police powers *R. S.* 40:48-2. It is clearly an enactment which has for its purpose public safety and general welfare. There also appears to be ample specific statutory authority for it. *R. S.* 40:61-1 provides in part as follows:

"The governing body of any municipality may:
a. *Acquire,* lay out, *improve, embellish* and *maintain,* within and without the municipality, such public parks, squares, open spaces, playgrounds, *beaches, water fronts and places for public resort and recreation,* and also streets, avenues, boulevards and parkways leading to and connecting the same, as it may deem advisable, and extend and enlarge the same, or any of them; and for such purposes, acquire, in fee or less estate, and by gift, devise, purchase or condemnation, any real estate, improved or unimproved, or interest therein, within or without the municipality, suitable therefor;
\* \* \* \* \* \* \* \*
f. *By ordinance make and enforce rules and regulations for the government, use and policing of all such* public parks, open spaces, playgrounds, *beaches, water fronts and places for public resort and recreation* and to provide penalties for violations thereof. All such rules and regulations shall be conspicuously posted in all places where effective; \* \* \*." (Italics mine.)

This ordinance merely regulates the use of the beachfront by bathers by providing rules for registration and identification thereof. The mere fact that the municipality may collect revenue under an ordinance does not preclude it from exercising its police power under such ordinance to reasonably regulate any business the unrestrained pursuance of which might affect the public health and safety. Certainly, as long as the revenue collected under the ordinance is such an amount as may be reasonably expended in enforcing the regulatory ordinance and for the added burden to the township, the ordinance cannot be said to be one for the raising

of revenue only.  *Michaels v. Township of Pemberton,* 3
*N. J. Super.* 523 (*Law Div.* 1949).

The present ordinance requires a seasonal registration
fee of $2, and a daily registration fee of $.50 per person.
There has been no evidence offered by the plaintiffs that the
said fees are not reasonably necessary to meet the cost of
administering and policing and providing the necessary pro-
tection for the beachfront.  Neither was there any evidence
offered by the plaintiffs that said license fees were unreason-
able or confiscatory.  The presumption is (unless the con-
trary is shown) in favor of the validity and reasonableness
of a properly enacted ordinance.  *Michaels v. Township of
Pemberton, supra.*

Two ordinances enacted by the City of Long Branch, which
were almost identical to the one in issue herein, were held
to be a valid exercise of police power, in the case of *Bullock
v. Wooding,* 123 *N. J. L.* 176 (*Sup. Ct.* 1939).

I, therefore, conclude on this point that said ordinance is
not *ultra vires,* but to the contrary is a valid exercise of
police power; that there is statutory authority for the same
and, therefore, it is valid.

(2.) THE RESERVATION IN THE DEED OF DEDICATION

Certain supplemental facts pertaining to this point must
be herein stated.  In addition to conveying the property
which the corporate plaintiff now owns, the Seacoast Real
Estate Company conveyed certain portions of its property to
upward of 270 grantees.  One subsequent grantee alone, the
American Timber Company, has some 271 tenants.  The
lands owned by the Timber Company run along the beach-
front at one place for approximately 2,500', and at another
for 525'.  It is important to note that the American Timber
Company has been admitted *amicus curiae* as a party to this
issue.  Another subsequent grantee has sold approximately
80 parcels of land, and still another has sold over 100 parcels
of land.

■ The deed of dedication herein is an express dedication and provides that the lands are granted and conveyed "for public purposes and as a place of resort for public health and recreation." The plaintiffs argue that this grant does not include the grant of bathing rights in the ocean to the public. This argument is in my opinion entirely without merit.

■ It is fundamental that a deed must be construed most strongly against the grantor and most favorably to the grantee. *Dunn v. English,* 23 *N. J. L.* 126 (*Sup. Ct.* 1851).

■ In considering a particular grant, the court will consider the language used; the facts and circumstances existing at the time of the execution of the grant; the nature of the subject matter, and the apparent purpose for the making of the instrument. It will seek to ascertain the intentions of the parties and give it effect insofar as the rules of law will permit. *Weber v. Dockray,* 2 *N. J. Super.* 492 (*Ch. Div.* 1949).

The grant to the public of a right to use the beach for recreation purposes but at the same time preventing the very public from using the ocean would be an empty grant. The practical utility of the grant would be defeated and destroyed. I cannot imagine how the public could enjoy the full benefit of the recreation provided in the grant by being allowed to use the beach in the hot summer weather but being prevented from enjoying the cooling ocean at the same time. To the contrary, considering the language used, the nature of the subject matter, the apparent purpose of the defendant borough for making the instrument and the factors existing at the time of its execution, this grant can have no other construction but that the public received thereby bathing rights in the ocean as well as the use of the beachfront.

Having so construed the grant of dedication, I will now consider the reservation contained therein, which provided as follows:

"The company reserves for itself, its successors, grantees and tenants the right to maintain bathing grounds, ropes, boats and other appliances on said beachfront for bathing purposes."

■ It is well settled that ordinarily dedication of property to the public use may be made subject to restrictions as to the manner and extent of the use and to reservations in favor of the dedicator and that in such cases the public or municipality in question takes *cum onere*. *City of Atlantic City v. Associated Realties Corp.*, 73 *N. J. Eq.* 721 (*E. & A.* 1907); *Spring Lake v. Polak*, 77 *N. J. Eq.* 557 (*E. & A.* 1910).

This general rule, of course, is subject to a notable exception and that is that the reservation must not be inconsistent with the dedication. *Spring Lake v. Polak, supra*.

■■ The rule is well stated in 16 *Am. Jur.* 371, as follows:

"The dedicator may prescribe the terms, restrictions, and limitations on which the land is given. However, they must not be inconsistent with or repugnant to the gift. Conditions repugnant to the grant are void and leaves the grant in full and unrestricted operation."

See also *McQuillian on Municipal Corporations* (*3d ed.*), *sec.* 33.10, *page* 607.

The reservation herein is vague and indefinite. There is no limitation of the number of bathing grounds, ropes, appliances, *etc.*, that may be maintained. There is not even a specific designation of where they are to be located. There is no requirement as to size. To give to the several hundred persons now holding title to the various pieces of property that were originally a part of the lands of Seacoast Real Estate Company, a right to maintain bathing grounds, *etc.*, without limitation, would result in making a substantial portion of the public beachfront a private beach. This, in effect, would destroy the right of the public secured by the original grant.

■ I, therefore, find as a fact that said reservation is so inconsistent with the grant as to be void.

Although Vice-Chancellor Stevens, in the case of *Eckert v. Peters*, 55 *N. J. Eq.* 379 (*Ch.* 1897), determined that the language used in the deed in question therein only created a

license, and I do not find it necessary to make that determination herein, I do feel that the logic of his opinion is controlling, particularly wherein the learned vice-chancellor states:

"I now come to the right to 'erect bath-houses and use the same free of charge, undisturbed at any time.' Nothing can be more vague and uncertain than this language. The bath-houses are to be erected on the grantor's 'sea front.' Does this mean on any part of the grantor's land between Ocean avenue and the sea? If not, where is the line to be drawn, west of which there shall be no bath-houses? How many bath-houses and of what sizes may Sternberger and his heirs and assigns erect? There were no improvements on the fifteen-acre tract, and it was probably contemplated by both parties that Sternberger would do just what he afterwards did, viz., divide the property into lots. Was the number of bath-houses that might be erected to be equal to the number of lots into which the tract was to be divided by Sternberger and subdivided by Sternberger's grantees?

It is manifest that if the grant of this right attached not only to the fifteen-acre tract as a whole, but to every—even the smallest —subdivision of it, and the right to erect a bath-house passed, as it is claimed it passed, as an easement appurtenant to each parcel, the grantor practically granted to Sternberger, his heirs, and assigns, at their election, for all time, the entire seafront lots, as well as the fifteen-acre lot. I cannot put this construction on the grant."

In the case of *City of Atlantic City v. Associated Realties Corp., supra,* the court said:

"We think that the city of Atlantic City, as trustee for the public, has the right to accept a deed for a grant to the public of a right of way over lands on the ocean front for the purpose of a boardwalk, the deed containing a negative covenant granting in effect also a right of light, air and view over and across the oceanward land from the boardwalk, notwithstanding this latter right is limited by a reservation to the donors of the *privilege of placing thereon a certain kind of structure, when the use to which those structures shall be confined is defined for the purpose of regulating the kind of structure and the number of structures which could, and would likely be, erected.*" (Italics mine.)

The plaintiffs rely upon the case of *Spring Lake v. Polak, supra.* That case can be differentiated from the one at bar in that the reservation involved therein provided, "no build-

ings except neat bathhouses shall be erected thereon, and such bathhouses may be erected only by owners of lots fronting on Ocean avenue in front of their respective lots." The limitation therein which protected the dedication is entirely missing in this case. To the contrary, if the plaintiffs' contention prevailed, bathing grounds, *etc.*, could be maintained on the beach by all of the several hundred present owners of the original real estate, regardless of whether or not the lots fronted the beachfront or not.

The plaintiffs are not entitled to the relief they seek for another reason. I cannot possibly consider said reservation to give to the plaintiffs the right to commercialize any alleged rights that they contend they may have thereunder. Under no rule of construction can I determine that the rights allegedly claimed by the plaintiffs would allow them to engage in a business of selling, renting or permitting bathers to use said premises for said purposes for a daily fee. It is a settled rule of construction that reservations are construed most strongly against the grantor. The reservation will be given effect according to the plain meaning and intent of the language used. What was reserved must be determined from a construction of the reservation clause which is to be construed more strictly than a grant. It cannot be extended beyond its terms. 26 *C. J. S., page* 450, 451. The reservation provided that "the company reserved for itself, its successors, grantees and tenants." It nowhere provided that this right could be sold commercially by any of the above.

Therefore, on the second point involved herein I conclude that the reservation contained in the original grant is void and does not give the plaintiffs, their customers, bathers, licensees and tenants, any right to use the beach and ocean without complying with the ordinance of the defendant borough involved herein.

I will enter a judgment in accordance with these conclusions.